984 So.2d 547 (2008)
Reginald SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-953.
District Court of Appeal of Florida, Fifth District.
May 2, 2008.
Rehearing Denied June 17, 2008.
Reginald Smith, Cross City, pro se.
No Appearance for Respondent.
GRIFFIN, J.
Appellant, Reginald Smith, seeks a belated appeal from the trial court's June 14, 2007, order summarily denying his Rule 3.850 motion for post-conviction relief. Smith previously filed an appeal of the denial of his motion (Case No. 5D07-2573), and this Court dismissed Smith's appeal for lack of jurisdiction because his notice of appeal was untimely. This dismissal was without prejudice to Smith's right to file a petition seeking a belated appeal. Thus, the instant petition.
The trial court denied Appellant's eight claims for post-conviction relief in the June 14th order that was filed with the Clerk of Court on June 15, 2007. The trial court's denial order contains a certificate that it was served on Smith by United States mail on June 14, 2007. Smith alleges that he received the order on June 22nd.
Smith had fifteen days under Rule 3.850, plus three days for mailing under Rule 3.070, or until July 2, to file a motion for rehearing. He filed his motion for rehearing on Tuesday, July 3, 2007, nineteen days after the June 14, 2007, certificate of service date. Therefore his motion for rehearing was not timely and did not toll rendition.
Smith then filed his untimely notice of appeal on July 19, 2007. This Court directed Smith to show cause why the facially untimely appeal should not be dismissed for lack of jurisdiction. Smith made two responses. First, he admitted that the motion for rehearing was filed one day late, but contended that he fell victim to restricted access to the prison law library. In his amended response, Smith mainly *548 contended that his motion for rehearing was actually timely because the trial court's order denying his motion was not filed by the lower court clerk until June 15, 2007 and that, since the eighteenth day after June 15, 2007, is July 3, 2007, the motion filed on that date was timely. In the present petition for belated appeal, he makes essentially the same argument.
Florida Rule of Criminal Procedure 3.850(g) dictates that a defendant has fifteen days from the "date of service" of an order to timely file a motion for rehearing. Applying the extra three days provided by Rule 3.070 to the fifteen days, the eighteenth day from the service of the trial court's order  not its filing  was July 2, 2007, making Smith's motion for rehearing untimely. Therefore, the time for him to appeal the trial court's order was not tolled and expired on July 15, 2007. These facts will not support a belated appeal.[1]
PETITION DENIED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] We note that Smith's petition is not sworn and does not contain a written declaration verifying that the allegations contained therein are true under penalties of perjury. Customarily, an appellant would be given an opportunity to amend his petition to attach the requisite oath. Denial with leave to amend to correct this deficiency would be futile in this case, however.